UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES BONCZEK,

                Petitioner,

     -against-

UNITED STATES OF AMERICA

                Respondent.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 26, 2012

11 Civ. 6038 (PAC)
S1 08 Cr. 361 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

      On August 17, 2011, James Bonczek ("Bonczek"), proceeding pro se, moved pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence based on his assertion that 1) he was denied effective assistance of counsel when counsel advised him to admit guilt to allegations of prior misconduct, causing him prejudice; 2) his apartment was illegally searched by New York City Police ("NYPD" or "Police") in violation of his Fourth Amendment rights; 3) the District Court improperly applied Guidelines enhancements in imposing sentence; and 4) a New York State Court Judge improperly issued a warrant not supported by evidence in violation of his Due Process rights.

      Two of these grounds (2 and 4) have already been considered and rejected by the Second Circuit in its decision affirming Bonczek's conviction; they fare no better here. The claim (3) concerning Sentencing Guidelines is procedurally barred; and there is no basis in law or fact for the claim of ineffective assistance of counsel. Bonczek's petition is DENIED.

## BACKGROUND

      On October 17, 2007, security personnel and maintenance workers employed by Stuyvesant Town entered Bonczek's apartment based on a complaint from a neighbor one floor

below that water was leaking into her apartment. Upon entry, they found that Bonczek's bath tub was overflowing. One of the security personnel observed images of nude children with their genitalia exposed flashing across a computer screen. The security guard took photos of the computer screen images with his camera. He showed them to his supervisor, who recommended that he take the pictures to the local police precinct, which determined that some of these images constituted child pornography. The Police contacted the New York County District Attorney's Office in an attempt to obtain a search warrant that evening. Due to the late hour, they were unable to do so. That same evening, police went to Bonczek's apartment in order to: 1) confirm the images were flashing on the computer screen; 2) safeguard both the computer and the apartment; and 3) determine whether Bonczek was present. (Suppression Hearing Transcript ("Suppression Tr.") at 55:23-56:1.)

On October 18, 2007, the NYPD obtained a search warrant for the apartment and seized a computer containing child pornography. Bonczek was arrested that same day. On December 12, 2007, Bonczek was indicted by a grand jury in New York County with thirty counts of possessing a sexual performance by a child in violation of N.Y. Penal Law § 263.16. The state charges were later dismissed.

On March 20, 2008, Bonczek was charged in a criminal complaint in the Southern District of New York with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On March 25, 2008, Bonczek was arrested.

On April 22, 2008, a federal grand jury returned a Two-Count Indictment against Bonczek. In addition to the possession charge, Bonczek was charged with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A).

On July 1, 2008, Bonczek moved to suppress all evidence seized from his apartment. On July 9, 2008, a suppression hearing was held. On October 16, 2008, the Court denied Bonczek's motion to suppress evidence seized from his apartment. The Court found that: 1) probable cause existed to obtain the warrant based on NYPD representations and 2) the independent source and inevitable discovery doctrines prohibited suppression based on the earlier entry into Bonczek's apartment by police. United States v. Bonczek, No. 08 Cr. 361(PAC), 2008 WL 4615853, at *6-9, 11 (S.D.N.Y. Oct. 16, 2008).

On February 24, 2009, Bonczek waived his right to a jury trial and consented to the filing of a Two-Count Superseding Information charging him with possession and receipt of child pornography. (Tr. 4:23-5:11, 7:10-25.) Bonczek entered a plea of not guilty. At trial, Bonczek entered into a stipulation with the Government where he admitted to the receipt of child pornography in April 2007 and to the possession of child pornography in October 2007. (2/24/09 Trial Gov't Ex. 1.) The stipulation preserved Bonczek's right to appeal the Court's decision denying his suppression motion. The Court found Bonczek guilty of Counts One and Two of the Superseding Information.

In its Presentence Investigation Report ("PSR") dated July 20, 2009, and amended August 31, 2009, the United States Probation Office ("Probation") detailed findings made by the Board of Education of the School District of the City of New York ("Board of Education") regarding Bonczek's conduct towards two minors. In 1996, the Board of Education held hearings before a panel to address charges that Bonczek engaged in sexual misconduct and abuse of two minors from 1976 to 1982. (PSR ¶¶ 128-141.) Bonczek denied the charges, and the panel found Bonczek guilty of almost all the charges against him. (Id. ¶¶ 146-47.) No criminal charges were brought due to the expiration of the statute of limitations. (Id. ¶ 129.) Probation

found these findings constituted a pattern of activity involving the sexual exploitation of a minor and recommended a five-level enhancement to Bonczek's guidelines.  (Id. ¶¶ 38-42; U.S.S.G. § 2G2.2.)  Probation also recommended an additional five-level enhancement as Bonczek was calculated to have over 600 images of child pornography on his computer.  (PSR ¶ 43.)

At sentencing on September 9, 2009, the Court found that Bonczek's offense level was 35 with a criminal history category of I.  The Guidelines sentence was 168-210 months.  The Court sentenced Bonczek to concurrent terms of 120 months of imprisonment, followed by concurrent terms of 120 months of supervised release, on both counts.  Given Bonczek's age and life expectancy, he will spend the rest of his life either in custody or under strict terms governing his supervised release.  During sentencing proceedings, Bonczek did not object to his counsel's representations regarding the past allegations of sexual misconduct of a minor.  (See Sept. 9, 2009 Sentencing Transcript ("Tr.") at 16:21-17:3, 19:13-20:4, 29:2-14.)  Before reading out his pre-written statement, he verbally admitted to the allegations before the Court.  (Id. at 37:22-38:11.)

On September 14, 2009, Bonczek appealed his conviction.  On appeal, Bonczek argued that his conviction should be overturned as it was based on evidence that should have been suppressed because it was: "1) not supported by probable cause, and 2) infected by the earlier warrantless police entry into [his] apartment."  United States v. Bonczek, 391 F. App'x 21, 22 (2d Cir. 2010) (summary order).  On September 10, 2010, the Second Circuit affirmed his conviction and this Court's rulings.  Bonczek now seeks habeas relief under 28 U.S.C. § 2255 as a pro se petitioner.

## DISCUSSION

The Court addresses each of Bonczek's four claims.  (See page 1, supra.)

4

A. **Claim of Denial of Effective Assistance of Counsel Due to Advice to Admit Allegations of Prior Misconduct**

Bonczek's § 2255 petition faces a heavy burden, as "a collateral attack on a final judgment in a federal criminal case is generally available under Section 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (citation omitted).

To prevail on his ineffective assistance of counsel claims, Bonczek must show "(1) that counsel made errors so serious that defendant was deprived of reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense." Hernandez v. United States, 202 F.3d 486, 488 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1984)).  As to the first factor, a court must adopt the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  Under the second factor, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different." Id. at 694.

   1. Counsel's Performance Was Not Deficient Because Bonczek's Admission Was Voluntary

Bonczek claims he received ineffective assistance of counsel because defense counsel advised him to falsely admit to allegations of prior sexual misconduct of a minor. (Pet'r's Br. 9-12.)  This argument is meritless.  Defense counsel included the admission to sexual misconduct in its sentencing memorandum based upon information gained through discussions they had with Bonczek. (Gellar Decl. ¶ 4.)  Bonczek reviewed the memorandum, approved of the language used, and approved the submission. (Id. ¶ 5.)  During sentencing proceedings, Bonczek did not

object to defense counsel's representations regarding his admission to the sexual misconduct. (See Tr. at 16:21-17:3, 19:13-20:4, 29:2-14.)  Before reading out his pre-written statement to the Court, Bonczek addressed the allegations of sexual misconduct. (*Id.* at 37:22-38:11.)  Bonczek stated:

> In 1995 when I went to Court, I denied that anything happened, and I believed that denial to be true.  And I hadn't spent much time thinking about it.  But actually it was last week I was sitting with Josh [Gellar] and he was asking me, well, do you remember anything?  And I said to him, well, you have to realize that I was using cocaine and alcohol at the time; I don't really remember very much.  *But I was able to give him a few details that, from my recollection, that I would associate with wrongdoing.  And in that we decided that I would come clean; that it didn't make any sense to come to this Court and make that denial if I didn't feel like that was the truth.*

(*Id.* at 38:1-11) (emphasis added).  There is no evidence in the record to support Bonczek's new assertion that defense counsel advised him to lie about this admission.  Therefore, the Court finds defense counsel's representation reasonable and competent.

### 2. Counsel's Advice Did Not Cause Bonczek Prejudice

Even if Bonczek could show defense counsel was incompetent in representing him, which he certainly did not, he can show no prejudice.  Defense counsel successfully objected to Probation's failure to include a three-level reduction in Bonczek's Guidelines calculation for Acceptance of Responsibility.  (See Addendum to the Presentence Report ("PSR Add.") ¶ 12; Tr. 3:19-4:3; U.S.S.G. §§ 3E1.1(a)-(b).)  Although the Court found proper the five-level enhancement for a pattern of activity involving sexual misconduct of a minor, defense counsel did not fail to object to Probation's inclusion of the allegations in their calculations of Bonczek's sentencing guidelines.  (See PSR Add. ¶ 10.)  With a Guidelines offense level of 35 and a criminal history category of I, Bonczek's Guidelines range was 168-210 months.  See U.S.S.G. Sentencing Table, Ch. 5, Pt. A.  The Court imposed a sentence of 120 months.  This is the

equivalent of offense level of 30, that is, a sentence without the 5-level enhancement. Bonczek's sentence was reasonable in every respect. Bonczek will spend the rest of his life expectancy either in custody or subject to strict terms of supervised release. Defense counsel performed at the highest level of professional advocacy for a client whose admitted crime generates no sympathy. Bonczek has no reasonable complaint about defense counsel's representation causing him prejudice at sentencing. His arguments to the contrary are groundless.

### B.  Claim of Illegal Search of Apartment in Violation of the Fourth Amendment

Bonczek contends his Fourth Amendment rights were violated when the police initially entered his apartment before obtaining a search warrant, and thus the evidence against him should be suppressed. (Pet'r's Br. 8, 13.) This argument is nearly identical to Bonczek's arguments on appeal. The Second Circuit rejected it on appeal, finding the "initial warrantless entry did not demand suppression" under the independent source doctrine. Bonczek, 391 F. App'x at 24-25. Bonczek has not raised any new law or change in existing law. Therefore, Bonczek cannot challenge the admission of evidence through this petition. See United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal.").

In his Reply Brief to Government's Response to Bonczek's § 2255 Petition and Memorandum (Pet'r's Reply Br.), Bonczek claims Stuyvesant Town personnel's entry into Bonczek's apartment to fix the leak was contrived and unwarranted. (Pet'r's Reply Br. 8-9.) Bonczek argues defense counsel was aware of this argument and its facts, and their failure to raise this argument at the suppression hearing constituted ineffective assistance of counsel. (Id. at 8.) New arguments cannot be raised in reply briefs and the Court declines to consider this argument. Were it to do so, the Court would reject the argument as baseless. Counsel made a

reasonable choice to attack the NYPD search and subsequent warrant. Those arguments had a far greater chance of success than the argument that the bathroom flooding was a contrived incident.[1]

### C. Claim of Improper Application of Guidelines Enhancements

Bonczek claims that in its Sentencing Guidelines calculation, the Court improperly applied a five-level enhancement each, based upon: 1) his admission at sentencing to past allegations regarding his "pattern of activity involving the sexual abuse or exploitation of a minor[,]" (Pet'r's Br. 14-15;) and 2) the number of images for which he was responsible, which was incorrect.[2] (Id. at 15-16.)

Bonczek raises these arguments for the first time in the § 2255 petition. Failure to raise a claim concerning sentencing on direct appeal is a procedural bar against asserting that claim on collateral attack. See Brennan v. United States, 867 F.2d 111, 117 (2d Cir. 1989) (citations omitted). There are exceptions, but they are not applicable here.

Bonczek never raised this argument on direct appeal even though he was advised of his right to appeal his sentence under Rule 32 of the Federal Rules of Criminal Procedure. (See

---

[1] In his Reply Brief, Bonczek cites Kimmelman v. Morrison, 477 U.S. 365 (1986) as the correct law to apply to this issue. However, the Supreme Court in Kimmelman found that "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the [petitioner] must also prove that his Fourth Amendment claim is meritorious . . . ." 477 U.S. at 375. The Second Circuit found the warrant valid under the independent source doctrine. Bonczek, 391 F. App'x at 25. Thus, Bonczek's argument is groundless.

[2] Bonczek did not object to the number of images as calculated by Probation in the PSR, nor did he object to the resulting five-level enhancement. See PSR ¶ 43; PSR Add. 44. Bonczek also failed to object to the number of images and the enhancement during sentencing proceedings, and the Court accepted the facts correct as stated. See Tr. 2:15-3:8. This failure to raise the objection at sentencing constituted a waiver of right to have this issue decided on by the Court, and the issue is not addressed here. See Burgess v. United States, 70 F. Supp. 2d 391, 393 (S.D.N.Y. 1999) (citations omitted).

Sentencing Tr. 55:11-18.) Bonczek offers no explanation for his failure to raise this issue on direct appeal. As previously discussed, Bonczek was sentenced to 120 months of incarceration, which would have been within the Guidelines range had there been no 5-level enhancement. (See pages 6-7, supra.)

### D. Warrant Supported by Probable Cause

Bonczek argues that the New York State Judge who issued the search warrant acted as a "rubber stamp," without having actual knowledge of the facts or reviewing the evidence, in violation of his Due Process rights. (Pet'r's Br. 18.) This argument was made on appeal and rejected by the Second Circuit when it affirmed Bonczek's conviction. See Bonczek, 391 Fed. App'x at 22-25; Sanin, 252 F.3d at 83.[3]

### CONCLUSION

Bonczek's arguments are without merit and, therefore, his petition for § 2255 relief is DENIED. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Clerk of Court is directed to terminate the motion and close this case.

Dated: New York, New York
September 26, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

---

[3] In his Reply Brief, Bonczek claims the Second Circuit relied on incorrect law when reviewing whether the warrant was supported by probable cause. (Pet'r's Reply Br. 21.) Bonczek argues the line of cases the Second Circuit cites rely on "Particularity" law, versus "Probable Cause" law, which is different. (Id.) The Court finds this argument incongruous, and Bonczek fails to cite any relevant case law to clarify and support his position.

Copy Mailed To:
Dr. James Bonczek
Reg. No. 60877-054
Federal Correctional Institution Elkton
P.O. Box 10
Lisbon, OH 44432